(107 So. 808)

## COOPER v. KULP. (4 Div. 263.)

(Supreme Court of Alabama. March 18, 1926.)

**1. Sales ⬤══89, 92—Wire from buyer of lumber to seller, refusing lumber because of being wet and asking for instructions, with seller's answer authorizing buyer to sell at best advantage, held to constitute mutual rescission and new agreement.**

Where buyer of lumber wired refusal because of lumber being wet and moldy, and for instructions as to how to handle, following with letter in detail, seller wiring in return to unload and handle best way possible, followed with letter authorizing buyer to sell at best advantage, *held* there was mutual rescission and new agreement entered into.

**2. Sales ⬤══398.**

In action to recover payment on lumber, refused because of being wet, where, in correspondence, seller had agreed that buyer should sell at best advantage, *held* that affirmative charge for plaintiff was properly given.

**3. Evidence ⬤══520.**

Expert witness was properly permitted to state opinion as to whether weight of lumber would be affected by green or dry condition.

**4. Appeal and error ⬤══1056(2) — Excluding evidence which could have no material bearing on result of buyer's suit for deposit held not reversible error.**

In action to recover deposit on lumber refused by buyer, excluding evidence relative to decline in lumber market after shipment, which, if admitted, would have no material bearing on result, *held* not reversible error.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Action by G. G. Kulp, doing business as Kulp Lumber Company, against W. F. Cooper, doing business as W. F. Cooper Lumber Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

The second assignment of error relates to the overruling of defendant's objection to plaintiff's question to the witness Smith, shown to be an expert, viz.: "* * * Would the condition of such lumber as to its being green or dry materially affect its weight?"

W. W. Sanders, of Elba, for appellant.

The giving of the affirmative charge for plaintiff was error. Kay v. Ala. Cot. Co., 100 So. 863, 211 Ala. 454; Robinson v. Steverson, 100 So. 910, 20 Ala. App. 59; Rooks v. Swift & Co., 98 So. 16, 210 Ala. 364; Ætna v. Schaeffer, 95 So. 351, 209 Ala. 77. As to measure of damages, see McAnelly v. Bemis, 94 So. 567, 208 Ala. 394; Patterson v. Daniels, 88 So. 657, 205 Ala. 520.

Rowe & Rowe, of Elba, for appellee.

The witness being duly qualified as an expert was properly allowed to testify as to the weight of lumber. Zimmern v. Standard M. Co., 88 So. 743, 205 Ala. 580. There was a rescission of the first agreement and a new agreement was entered into. Dorough v. Ala. Power Co., 76 So. 963, 200 Ala. 605. The affirmative charge was due to be given for plaintiff. Amer. L. & E. Co. v. Love, 100 So. 623, 20 Ala. App. 45.

GARDNER, J. Suit by appellee against appellant under common counts for money paid and money had and received. It arises from a contract of sale of a car of lumber, shipped by defendant to plaintiff from Elba, Ala., to Shamokin, Pa., with the right of inspection on plaintiff's part upon arrival at destination. Eighty per cent. of the purchase price was paid in advance by plaintiff pursuant to the terms of the order. The lumber was to be dry. Upon arrival, the lumber was inspected by plaintiff and others who appear to be without interest, and found to be wet and moldy, and was rejected; defendant being notified thereof by wire and letter.

Plaintiff's testimony tends to show that upon first inspection it was thought the condition was due to leaky roof of the car, but upon further inspection the conclusion was reached that this was not the cause, but that the lumber was not thoroughly dry when shipped. Plaintiff sold the lumber for the account of defendant to a concern in which he was not interested, at a considerably reduced price, though at its reasonable market value according to his uncontroverted proof. The proceeds of the sale lacked something over $32 paying the freight and demurrage charges, which sum plaintiff paid, and sues to recover the sums expended, including the amount of the draft paid in advance.

The trial court gave plaintiff the general affirmative charge, evidently upon the theory there had been a mutual rescission of the original contract, and a new agreement entered into, fully complied with on plaintiff's part.

[1] We are persuaded this conclusion is supported by the record. On December 9, 1921, plaintiff wired a refusal of the lumber,

---

stating it was "wet, moldy and badly stained no doubt due to leaky roof of car. Wire how we shall handle." And on the same day followed wire with a letter more in detail, and again asked instructions as to how to handle the shipment. On the following day defendant wired, "Unload quick, handle best possible writing," followed in a few days by letter in which defendant stated that he had previously wired "to the effect that you would have car unloaded and sold at once to best advantage possible." This letter continued:

"If the mold in the car was caused by leaky roof, we will ask you to file the claim with RR people. If it is caused from green lumber it is our fault, and we shall expect to stand for the damages. In either event, whether it is the fault of a leaky roof or our fault we will ask that you make best disposition possible to advantage of the lumber."

Very clearly, here was a mutual rescission and new agreement entered into. 24 R. C. L. §§ 554, 555.

The defendant's evidence discloses that, had he questioned the good faith of plaintiff in rejecting the lumber, he could have had the benefit of an inspection by an association, the purpose of which is to decide differences between buyers and sellers of lumber, and such was the custom of the trade, but made no such effort or suggestion. While he testified that the lumber was dry when shipped, yet this is qualified subsequently by his evidence to the effect that it "was as near dry as we usually ship it," and that "it is possible that the lumber going out of a warm climate into a cold climate would have become wet and moldy; I have seen it happen, but it is infrequent." Defendant stated he had seen the lumber loaded, and with his knowledge thereof he notified plaintiff to sell at best advantage, whether the condition is a result of leaky roof or his own fault.

That the lumber was in an unsatisfactory condition, and plaintiff's good faith in its rejection, was not questioned, but only that the sale was rescinded. However, we are of the opinion defendant's evidence was insufficient to present this as a controverted issue.

Plaintiff had full authority to sell, without further instructions, as appears from the correspondence above noted, but did not in fact sell before wiring defendant the best price offered of $17.50 per thousand, less freight, demurrage, and war tax, and asking for his decision by wire. To this defendant wired, "Message received sell as your own." Defendant's testimony shows that he had not expected the price to be so low and was disappointed, but that, after sending this message, he did not expect to get any more out of the lumber.

[2] In view of the correspondence between the parties, the rescission of the original contract of sale and the full authority to sell for defendant's account, the effect of this message cannot be extended beyond specific authority to sell at the price named. In no event can it be said to affect plaintiff's right to recovery, acting under authority theretofore obtained. The material evidence in this case is without conflict, and there was no error in giving the affirmative charge for the plaintiff. It is not insisted plaintiff recovered more than was his due under the theory of the case herein discussed, and the fact that the charge given instructed a verdict for the plaintiff for the amount sued for presents nothing of a prejudicial character to defendant.

[3] The second assignment of error is without merit, as the question called for the opinion of an expert upon that subject.

[4] That there was some decline in the lumber market after the shipment of the lumber, if admitted in evidence, would not have any material bearing upon the result or permit of reasonable inference adverse to plaintiff's good faith. There could therefore be no reversible error in the action of the court in excluding the same.

Finding no reversible error, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.